UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Alonzo R. Brinkley, II, #271143, ) | C/A No. 6:08-308-JFA-WMC |
| ) | |
| Petitioner, ) | |
| v. ) | ORDER |
| ) | |
| Jon Ozmint, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

The petitioner, through retained counsel, filed this action seeking relief under 28 U.S.C. § 2254. He challenges his state court conviction following his guilty plea to armed robbery, unlawfully carrying a pistol, failure to stop for a blue light, resisting arrest, two counts of assault and battery with intent to kill, possession of a stolen vehicle, and possession of a firearm during the commission of a violent crime. Brinkley received a 20-year sentence on these convictions.

The Magistrate Judge assigned to this action[1] has prepared a thorough Report and Recommendation and opines that the respondent's motion for summary judgment be granted as the petition is untimely. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

1

Under the local rules for this district, the petitioner had 10 days from the filing of the Report within which to file objections. The ten-day deadline expired on February 23, 2009. On February 23, 2009, this court received a motion from petitioner for leave to file "supplemental briefings" in this case. The motion suggests that supplemental briefings "may be helpful to the court to flesh out crucial legal issues germane to the procedural history of this case."

The proper way to file "briefs" with regard to a Report and Recommendation of a Magistrate Judge is to take exception thereto. Here, counsel has waited until the deadline for filing objections and suggested that "additional briefing" would be helpful.

The court has carefully reviewed the Report and Recommendation and finds no basis for disturbing the Magistrate Judge's recommended disposition of this case. Moreover, the petitioner has failed to comply with the deadlines set for challenging the Report and Recommendation.

The Magistrate Judge concludes that the petitioner's claim must be barred because it was not timely filed under the one-year statute of limitations created by the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub.L.No. 104-132, 110 Stat. 1214 ("AEDPA"). In addition, the Magistrate finds no showing by the petitioner that would entitle him to equitable tolling. The AEDPA provides a one-year statute of limitations period on the filing of a § 2254 action. Subsection (d) of the statute reads:

> (D)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to

2

the judgment of a State court. The limitation period shall run from the latest of–

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) The date on which the constitutional right was asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1).

The petitioner's conviction became final on June 3, 2002 when direct review of his case concluded. Accordingly, the limitations period expired one year later on June 3, 2003 unless the period was at any time tolled for any properly filed state PCR application.

The petitioner filed his first state PCR action on October 22, 2002. At that point, 141 days of non-tolled time had run since June 3, 2002. Proceedings in the state PCR action concluded on May 24, 2007 when the South Carolina Court of Appeals sent the remittitur to

the York County Clerk of Court. On that date, the statutory polling for the state PCR concluded and the AEDPA statute of limitations began to run again.

The petitioner filed the present habeas action through counsel on January 30, 2008. This was 251 days after the state PCR proceedings concluded and 392 days after his state court convictions became final, which was beyond the statute of limitations period provided in the AEDPA. Therefore, no equitable tolling can be applied to the petitioner.

Under the standards set forth in *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005), the Magistrate Judge did not find that the petitioner had pursued his rights diligently and that some extraordinary circumstance stood in his way to entitle him to further equitable tolling.

After a careful review of the record, the applicable law, and the Report and Recommendation, the court finds the Magistrate Judge's recommendation to be proper and incorporates the Report herein by reference. The respondent's motion for summary judgment is hereby granted and the petition is dismissed as untimely under § 2244(d)(1). The motions for leave to file additional briefing and a hearing are denied as well.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

February 26, 2009                               Joseph F. Anderson, Jr.
Columbia, South Carolina                  United States District Judge

4